**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MILAD IBRAHIM EID AYYAD**,

    Petitioner,

    v.                                Case No. 2:26-cv-02760-BCL-tmp

**TODD BLANCHE**, Acting Attorney General
of the United States; **BRIAN ACUINA**, Field
Office Director of the New Orleans Field
Office, U.S. Immigration and Customs
Enforcement; **TODD M. LYONS**, Director of
U.S. Immigration and Customs Enforcement;
and **MARKWAYNE MULLIN**, Secretary of
the U.S. Department of Homeland Security,

    Respondents.

---

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

---

Petitioner Milad Ibrahim Eid Ayyad has filed a petition for writ of habeas corpus by which he seeks release from custody pending his removal proceedings or, in the alternative, a bond hearing.  Doc. 1 at 10. At the same time he filed his petition, he also filed the Emergency Motion for Temporary Restraining Order that is currently before the Court. Doc. 2. For the following reasons, Petitioner's Motion is **DENIED**.

Temporary restraining orders are "extraordinary equitable remed[ies] that [are] never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain such relief, the movant must "make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20)

(emphasis added). "Thus, '[t]he party seeking a preliminary injunction bears the burden of justifying such relief.'" *A.C.L.U. Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)). Irreparable harm is an "indispensable" factor: "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now*." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).

Petitioner, currently detained at the West Tennessee Detention Facility, argues that "irreparable harm is imminent" because, he claims, he will soon be transferred outside of this District, which will disrupt his relationship with his counsel "during active habeas proceedings." Doc. 2 at 2. As he puts it in two citation-free paragraphs:

> 4. Irreparable harm is imminent. Petitioner is subject to an immediate physical transfer from this District by Respondents.
> 5. A transfer to an unknown or remote facility outside this jurisdiction will immediately and effectively sever Petitioner's access to his existing counsel. Such a disruption to the attorney-client relationship during a

Doc. 2 at 2.

Petitioner's argument fails for two independently sufficient reasons.

*First*, Plaintiff has offered no explanation—much less evidence—concerning how a transfer to another location will "sever" his "access to his existing counsel." And, in this era of electronic communication, there is no reason to think that it would. Indeed, his counsel is based out of New Jersey (Doc. 1 at 10); if Plaintiff can communicate with his New Jersey-based counsel from Tennessee, it seems near-certain that he can communicate with that counsel from elsewhere.

*Second*, and independently, transfer to another jurisdiction would not interfere with "active habeas proceedings," and certainly not in a way that amounts to irreparable injury. Petitioner filed his Motion for Temporary Restraining Order at the same time he filed his habeas petition, meaning that no litigation relating to the habeas petition has yet occurred. It thus appears that the Motion

2

aims not at protecting orderly adjudication of ongoing litigation, but rather at blocking an administrative transfer of Petitioner. If Petitioner has arguments as to why such a transfer is itself improper, he should make them directly, perhaps in a separate petition or other legal challenge. But he has not shown that any such transfer would amount to irreparable injury in the context of this brand new case.

Because Petitioner's conclusory and unsupported arguments fail to show a likelihood of irreparable harm, it is unnecessary for the Court to address the remaining TRO factors. *D.T.*, 942 F.3d at 327.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**, this 30th day of June, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE