**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Milad Ibrahim Eid Ayyad,

     Petitioner,

     v.

                                     Case No. 2:26-cv-02760-BCL-tmp

Blanche et al.,

     Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Milad Ibrahim Eid Ayyad has filed a Petition for Writ of Habeas Corpus in which he purports to challenge his detention pending removal proceedings without "any individualized determination by any neutral decision maker as to whether his continued confinement is necessary []." Doc. 1 at 2. Petitioner additionally filed a Motion for a Temporary Restraining Order, which this Court denied. Doc. 2. For the reasons that follow, the Petition is **DENIED**.

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is now Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk **SHALL** modify the docket to replace Respondents with Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other respondents are **DISMISSED.**

Petitioner's petition is denied for failure to exhaust administrative remedies. Respondent notes that "[t]o date, Petitioner has not filed a bond request in immigration court." Doc. 12 at 1. Petitioner has not argued otherwise, despite being expressly granted leave to file a reply. Doc. 9. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 10. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

Petitioner has not offered any reason that would justify dispensing with the prudential exhaustion requirement in this context. In an untimely reply, Petitioner makes four arguments for excusing prudential exhaustion. **Counsel is advised that untimely filings will, absent exceptional circumstances, not be considered in the future.**

In any event, the arguments in Petitioner's reply are unavailing. *First*, Petitioner claims that the immigration authorities are powerless to grant relief because he argues he is detained under an "unlawful framework." Doc. 16 at 5. Petitioner's counseled argument is contrary to his own filings: Petitioner did not argue that the immigration authorities could not detain him at all because the whole framework was "unlawful"; rather, he argued that he could not be detained without an individualized custody determination—of the sort he can request from the immigration authorities as his own Reply acknowledges (Doc. 16 at 6). Petitioner has offered no showing that the immigration authorities cannot make individualized custody determinations. Doc. 1 at 6-8. *Second*, Petitioner claims that the immigration authorities have predetermined that he should be detained such that exhaustion would be futile, but he identifies no evidence so showing. *Third*, Petitioner argues that, because detention is at stake, exhaustion should be excused to avoid irreparable harm. Courts, including the Sixth Circuit in an unpublished order, have rightly rejected similar arguments, which would undermine the separation of powers and the jurisdictional limits imposed by 8 U.S.C. § 1226(e), by allowing aliens to bypass the administrative process altogether with respect to bond proceedings. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018). *Fourth*, Petitioner argues that *Lopez-Campos* foreclosed the prudential exhaustion requirement. Petitioner is incorrect: *Lopez-Campos* did not address exhaustion and, even if it had, it arose in a different context in which the BIA had categorically determined that aliens like the petitioners in

3

that case must be detained.  Under *Lopez-Campos*, that categorical rule no longer obtains and Petitioner may request a bond hearing.

In sum, Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

### CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus is **DENIED**.  Plaintiff's Motion for Leave to Appear Pro Hac Vice is **DENIED AS MOOT**. Docs. 3, 13.

**IT IS SO ORDERED**, this 16th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4